UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

    Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C18-1142RSL

ORDER DENYING PLAINTIFF'S MOTION FOR CONFERENCE

    This matter comes before the Court on plaintiff's "Motion for Conference." Dkt. # 21. Plaintiff alleges that defendants wrongfully removed her children from her in September 2014, violated court orders related to access to her children in the fall of 2014, and, when the dependency proceeding regarding her daughter was resolved in April 2015, failed to withdraw unfounded accusations and intentionally interfered with the parent-child relationship. She has asserted tort claims of negligence, intentional interference, malicious prosecution, abuse of process, and outrage, as well as constitutional claims under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

    Defendants propounded discovery, some of which seeks information regarding the factual basis for plaintiff's claims in this lawsuit, some of which seeks to establish the genuineness of certain documents, and some of which seeks to confirm (or deny) facts that were at issue in the underlying dependency proceedings. The parties have not

ORDER DENYING PLAINTIFF'S
MOTION FOR CONFERENCE - 1

provided complete copies of the discovery requests at issue or plaintiff's responses thereto, but these three categories are all generally permissible targets for discovery. Plaintiff does not specifically object to the requests for information regarding the factual basis for her claims or the genuineness of documents, but rather seeks additional time so that she can provide thorough and precise responses.

With regards to the third category, plaintiff has taken the position that, by seeking information regarding the dependency proceedings, defendants are improperly attempting to relitigate those actions. In this litigation, plaintiff has accused defendants of wrongfully removing her children in September 2014 in violation of her common law and constitutional rights. Defendants must be given the opportunity to show that plaintiff is wrong and that their actions were justified and lawful given what was known at the time. The few requests that have been provided to the Court for review are relevant to that issue and are therefore permissible.

The Court declines to meet with the parties in order to work through their discovery disputes. The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine, full-formed disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved face-to-face or telephonic communications regarding plaintiff's specific objections to specific discovery requests, the date on which production could reasonably be expected given plaintiff's apparent challenges, and civil discussions regarding the legal formalities that plaintiff seems to find harassing and bullying.

There is no evidence that the parties had any face-to-face discussions since the middle of December. At that point in time, the only issue was the date by which plaintiff

would respond to the outstanding discovery. The contours of the dispute that has now been brought before the Court and potential solutions were never discussed and are so ill-formed that they do not justify the Court's involvement at this point.

In order to guide the parties as they move forward in discovery, the Court notes that a good faith effort to resolve discovery disputes involves an exchange of information until no additional progress is possible. The parties shall in future ensure that they have fully discussed their positions and objections so that they each know the other's positions at the time a discovery motion is filed: it is a sure sign that the requirements of Rule 37(a) have not been met when the positions of the parties in their memorandum come as a surprise. To the extent plaintiff distrusts counsel for defendants, she may pay to have their conversations transcribed. Regardless, the conversations must happen before additional discovery motions are filed.

For all of the foregoing reasons, the motion for conference (and the subsumed motions for protective order and motion to compel) are DENIED. The Court declines to insert itself into a discovery dispute that has not been the subject of a meet and confer and has not been properly presented for resolution.

Dated this 5th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge