UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI CHIAT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>　　　　Defendants. | Case No. C18-1142RSL<br><br>ORDER |

This matter comes before the Court on plaintiff's "Pleading & Motion Regarding Depositions." Dkt. # 29. Plaintiff requests permission to have a support person at her deposition. She raised this issue in an email to defense counsel on October 18, 2019. Dkt. # 31-1 at 3. Although the parties were not able to connect in person or via telephone to discuss the matter, defense counsel did not outright reject the proposal but rather sought confirmation that the support person was not a potential witness in this case and would not interrupt the deposition. Dkt. # 31-2.

In her motion, plaintiff asserts that she has cause to distrust Assistant Attorneys General because of the way she was treated during her daughter's dependency proceeding, and she would therefore like a witness to attend her deposition with her. Defendants oppose the request, arguing that plaintiff has failed to satisfy the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) and that she has not shown good cause for a protective order. In reply, plaintiff has filed a number of documents, discussed below.

ORDER - 1

## A. Support Person

Defendants are correct in their procedural objections, and there is no reason to prevent or limit discovery under Fed. R. Civ. P. 26(c). Nevertheless, plaintiff, as a pro se litigant, is in the unenviable position of having to participate in a deposition without a working knowledge of the rules governing the proceeding and without the advice of counsel. Having a friend or family member in attendance may help alleviate her concerns and is not barred by the applicable rules of procedure. Federal Rule of Civil Procedure 30(c)(1) imposes some limitations, however: the examination must proceed as it would at trial, meaning that the support person (1) cannot be a potential witness (*i.e.*, someone who would, at defendants' request, be excluded from the courtroom until he or she is called to testify) and (2) cannot interrupt or otherwise participate in the proceedings.

## B. Reply Documents

On October 31, 2019, seemingly in reply to the original motion regarding her deposition, plaintiff filed a "Motion to Clarify" (Dkt. # 32), a "Motion to Discipline Defense Counsel & to Extend Discovery" (Dkt. # 33), and a "Motion for Further Discovery" (Dkt. # 34). For the following reasons, each of these motions is DENIED.

### 1. Motion to Clarify

Plaintiff seeks clarification regarding motions filed by defendants on October 30, 2019, the "court's response," and "the court's ruling dated tomorrow." Dkt. # 32. Defendants have not filed any motions in this litigation: the only documents filed on October 30th were defendants' response to plaintiff's pending motion regarding the presence of a support person at her deposition. Nor has the Court responded to that motion or issued a ruling until today. The Court is, therefore, unable to provide any clarification regarding these matters.

### 2. Motion to Discipline Defense Counsel

Plaintiff asserts that defense counsel lied when she stated that she had attempted to

contact plaintiff by telephone on October 22, 2019. Dkt. # 33 at 1-2. A review of the relevant email exchange shows that plaintiff misread counsel's email. Counsel said only that she was responding to two phone calls plaintiff made on October 22nd and an email plaintiff sent on October 23rd. Dkt. # 31-2 at 3. Counsel did not assert that she tried to phone plaintiff on October 22nd.[1] There is, therefore, no cause to discipline counsel.

**3. Motion for Further Discovery**

Plaintiff seeks an extension of the discovery deadline so that she can have the audio recording of her daughter's dependency trial transcribed, depose entities and persons involved in her daughter's foster care placement, locate and take discovery from a former DSHS/CPS employee, research family separation practices at the border and the government's justifications, and collect scholarly articles regarding the long-term effects of family separation and untreated Attention Deficit and Hyperactivity Disorder. Dkt. # 33 at 2; Dkt. # 34. Plaintiff asserts that she has been unable to pursue these lines of investigation because defense counsel has refused to work cooperatively, has failed to timely respond to discovery requests, and has lied and delayed these proceedings.

The discovery deadline in this case is December 8, 2019. Dkt. # 20 at 1. That deadline was established nine months ago in response to plaintiff's request for a continuance of the trial date to allow her to pursue a nursing certificate, to obtain an evaluation of her son, and to locate and take discovery from the DSHS/CPS employee mentioned in the current motion. Dkt. # 17. Plaintiff has not shown good cause for a further extension of the discovery deadline, as required under Fed. R. Civ. P. 6(b)(1). Her assertions that defense counsel has refused to be cordial and cooperative in their

---

[1] Plaintiff's response to the non-existent lie was intemperate and entirely counter-productive. Plaintiff accused defense counsel of lying, called her unethical, entitled, and arrogant, and attempted to threaten her with some sort of personal liability to "a large community of CPS abuse survivors." Dkt. # 31-2 at 3. When defense counsel expressed confusion at plaintiff's outburst, plaintiff declined to clarify or explain, instead retorting, "I am filing another motion tomorrow which will help you understand." Dkt. # 31-2 at 2.

ORDER - 3

communications and/or has lied or intentionally delayed this litigation are not borne out by the existing record. As for the asserted delays in responding to discovery, plaintiff acknowledges that she waited until the week of October 21st to serve written discovery requests, meaning that defendants' responses are not yet due under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Finally, the other identified topics or avenues of inquiry have been known to plaintiff for some time now, and she has not offered any explanation for her delay in seeking the third-party information she now deems essential.

For all of the foregoing reasons, plaintiff's motion regarding her deposition (Dkt. # 29) is GRANTED with certain limitations. Plaintiff may have a support person attend her deposition, but the person will not be permitted to testify at the trial of this matter and cannot speak at, participate in, or interfere with the deposition in any way. Plaintiff shall advise her support person that he or she is akin to an individual sitting in the gallery watching trial: other than identifying him- or herself for the record as required by Fed. R. Civ. P. 30(b)(5)(A)(v), he or she must remain silent and merely observe the proceedings. Plaintiff's other discovery-related motions (Dkt. # 32-34) are DENIED.

Dated this 5th day of November, 2019.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge