UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C18-1142RSL

ORDER DISMISSING MOST OF PLAINTIFF'S CLAIMS, REOPENING DISCOVERY, AND DENYING SANCTIONS

    This matter comes before the Court on the Department of Social and Health Services defendants' "Motion for Summary Judgment" (Dkt. # 42), plaintiff's motion "Regarding Protective Order, Interrogatories, Depositions, & Missing Documents" (Dkt. # 44-1),[1] and plaintiff's "Motion to Discipline Defense Counsel & to Extend Discovery" (Dkt. # 49).[2]

    On April 9, 2018, plaintiff filed a complaint in King County alleging that the

---

[1] The original discovery motion was filed on December 4, 2019, and noted for consideration on December 20, 2019. Dkt. # 37. After defendants filed their opposition, plaintiff filed an entirely new motion to compel with the same title (Dkt. # 44-1 at 1-14), a copy of the original motion (Dkt. # 44-1 at 15-21), and a letter indicating that she was providing better-organized documents and exhibits for the Court's consideration (Dkt. # 44). Although this procedure effectively deprived defendants of an opportunity to address plaintiff's new motion, the Court has considered the December 20, 2019, submission.

[2] Plaintiff has filed a number of addenda, motions, and/or letters requesting that the Court rule upon her earlier discovery motion or seeking duplicative relief. *See* Dkt. # 47, # 48, and # 56. The delay in resolving the underlying discovery motion is unfortunate, but it is a function of the undersigned's district court and Ninth Circuit duties. The duplicative motions and requests for ruling are DENIED as moot.

ORDER - 1

Department of Social and Health Service ("DSHS") and its putative employees wrongfully removed her children, KC and JBC, from her custody, made baseless findings of neglect which damaged plaintiff's career as a teacher, violated court orders in the ensuing dependency proceedings, unnecessarily prolonged her separation from her children, and initiated a retaliatory investigation immediately upon returning KC to plaintiff's custody. Plaintiff also sued KC's foster parents, alleging that they and DSHS conspired to interfere with and damage her relationship with KC. Based on these allegations, plaintiff asserted claims of tortious interference with the parent/child relationship, outrage, negligent infliction of emotional distress, negligence, negligent investigation, violations of court orders, malicious prosecution, abuse of process, and violations of 42 U.S.C. § 1983.

The DSHS defendants, namely the State of Washington, Marcy Fomin, Linda Townsend-Whitham, and Theresa Burton,[3] seek dismissal of all of plaintiff's claims. They raise a number of procedural and substantive arguments supporting their request for dismissal, ranging from lack of personal jurisdiction to failure to raise a genuine issue of material fact. In response, or at least at approximately the time plaintiff's response was due, plaintiff filed a four-page summary of discovery in this case, noting that the DSHS defendants had objected to most of her discovery requests and refused "to produce or investigate missing documents." Dkt. # 45 at 3. The Court has considered this response and plaintiff's pending discovery motions in the context of determining whether the motion for summary judgment should be denied or continued under Fed. R. Civ. P. 56(d).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would

---

[3] Plaintiff alleged that four of the other individual defendants, Tanya Keenan, Shawn Sivly, Christien Storm, and Darla Abbas, were employed by DSHS, but acknowledged during discovery that they were not. Dkt. # 43-1 at 94, 97-98. Defendants Roxanne Kar and Anthony Kar were KC's foster parents.

preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declaration, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

**(1) Personal Jurisdiction.** With regards to defendants Fomin, Townsend-Whitham, and Burton, there is no evidence in the record that plaintiff served them with the summons and complaint as required under Fed. R. Civ. P. 4(e). The Court therefore

lacks personal jurisdiction over these defendants, and the claims against them are hereby DISMISSED.[4]

**(2) Statutes of Limitation.** All of plaintiff's claims are subject to a three-year statute of limitations. All activities related to JBC were completed by January 28, 2015, when the Juvenile Court dismissed his dependency proceeding at DSHS' request. Dkt. # 43-1 at 82. Thus, with the additional sixty-five days that Washington law adds when claims are asserted against a state agency, plaintiff had to file her claims by April 6, 2018. She did not file the complaint until April 9, 2018. All claims related to JBC are therefore time-barred.

All claims regarding KC that are based on events occurring before February 1, 2015, are also time-barred. Plaintiff resigned her position with the Bellevue School District in May 2014. Dkt. # 43-1 at 64. The dependency petition regarding KC was filed in September 2014 and she was taken into custody at that time. Dkt. # 43-1 at 11 and 24. Any claim arising out of plaintiff's loss of employment, defects in the initial investigation, the neglect findings, misstatements in the initial reports to the Juvenile Court, the initial injury to the parent/child relationship, and/or inquiries regarding religion leading up to the September 2014 petition are therefore time-barred. Claims against DSHS arising out of events occurring after February 1, 2015, are timely, however.

**(3) State Law Claims Not Barred by the Statutes of Limitation.** The following state law claims against DSHS are timely, and each is discussed below:

(a) tortious interference with the parent/child relationship, related outrage and negligent infliction of emotional distress, and violation of court-ordered visitation for

---

[4] A review of the docket reveals that plaintiff has not served the summons and complaint on any of the individual defendants. Her assertions regarding her attempts at service strongly suggest that plaintiff has not complied with the requirements of Rule 4(e). Plaintiff will be given an opportunity to show that she has, in fact, properly served the summons and complaint on the individual defendants or otherwise explain why her claims against the individual defendants should not be dismissed for lack of personal jurisdiction.

the period of time between February 1, 2015, and the return of KC to plaintiff's care on April 8, 2015;[5]

      (b) malicious prosecution and abuse of process claims arising from the administrative findings of neglect and the prosecution of KC's dependency proceeding; and

      (c) negligent investigation, abuse of process, and related outrage and negligent infliction of emotional distress related to the allegedly "retaliatory and baseless investigation" of abuse or neglect initiated when DSHS returned KC to plaintiff's custody in April 2015 (Dkt. # 1-1 at ¶ 11).

**(4) Federal claims.** Plaintiff's § 1983 claim against DSHS fails because a state is not a "person" for purposes of the statute and plaintiff has not alleged, much less shown, that a policy or practice of DSHS caused the constitutional violations of which she complains.

**(5) Claims Arising Out of Separation from KC.** Until the Juvenile Court ordered KC returned to plaintiff's custody, DSHS was under court order to maintain custody over KC and place her in shelter care. Dkt. # 43-1 at 24-25 and 27-35. She was returned to plaintiff's custody the same day the Juvenile Court issued its oral ruling (and more than a week before the written order was issued). DSHS and its employees cannot be held liable for complying with orders of the Juvenile Court, including shelter care and other dependency orders, pursuant to RCW 4.24.595(2). Thus, DSHS is statutorily immune from liability for tortious interference with the parent/child relationship, outrage, and negligent infliction of emotional distress related to plaintiff's separation from KC

---

[5] Plaintiff also alleges that DSHS maintained its administrative findings that plaintiff had neglected her children for almost two months after the Juvenile Court decided KC's dependency in plaintiff's favor. It is not clear what harm was allegedly caused by this delay. Both children had already been returned to her custody and plaintiff had resigned her position as a substitute teacher before the neglect findings were made.

between February 1, 2015, and April 8, 2015.

Plaintiff has also alleged that DSHS violated the shelter care orders by failing to allow visitation with KC. Dkt. # 1-1 at ¶¶ 7 and 14. KC's shelter care order specifically provided that visitation between KC and her mother would be "at the youth's discretion." Dkt. # 43-1 at 32. Plaintiff has not identified what court order was violated, when it was violated, or how it was violated. This information is wholly within plaintiff's possession and, even after her claim was challenged by DSHS in its motion, she failed to come forward with any evidence to support it.

**(6) Claims Arising Out of Prosecution of KC's Dependency.** "Malicious prosecution has five elements under Washington law: 1) the defendant began or continued a prosecution; 2) without probable cause; 3) with malice; 4) in a proceeding terminated in the plaintiff's favor; 5) to plaintiff's injury." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (citing *Clark v. Baines*, 150 Wn.2d 905, 911 (2004)). A lack of probable cause and malice are essential to the claim, which is "not favored in law." *Hanson v. City of Snohomish*, 121 Wn.2d 552, 557 (1993).

Plaintiff does not allege or offer evidence showing that DSHS lacked probable cause to make administrative findings of neglect or to pursue KC's dependency proceeding. Nor has she raised an inference that DSHS acted maliciously. The facts known to DSHS when it initiated the dependency proceeding - that plaintiff was "done with" KC, that she left KC and her younger brother alone, locked in a room, for hours, that plaintiff padlocked KC in a room even when plaintiff was home to prevent KC from eating the food in the house, that she left KC at a youth center in August 2014, and that a pediatrician opined that KC was being subjected to a chaotic home environment, unpredictable parenting interventions, and emotional abuse - establish probable cause. Dkt. # 43-1 at 14-18. The Juvenile Court agreed with DSHS' assessment and found that there was probable cause to believe the children were dependent. Plaintiff acknowledged

ORDER - 6

in October 2014 that she did not have the parenting skills to handle KC. Dkt. # 43-1 at 39. At the dependency hearing in March and April 2015, KC was represented by counsel and opposed being returned to plaintiff's custody. Dkt. # 43-1 at 74. While the Juvenile Court ultimately found that KC was not dependent, plaintiff has not alleged or shown any facts suggesting that DSHS acted without probable cause or maliciously in initiating or continuing the administrative and judicial proceedings.

To survive summary judgment on her abuse of process claim, plaintiff must raise a triable issue of fact regarding "(1) an ulterior purpose to accomplish an object not within the proper scope of the process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the abuse of process." *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477 (2017). Plaintiff has not alleged, much less raised a reasonable inference, that DSHS had a motive other than child health and safety when it investigated third-party reports of child abuse, made administrative findings of neglect, filed reports with the Juvenile Court, or otherwise utilized state law procedures designed to protect children. In addition, DSHS and its employees cannot be held liable for providing reports, recommendations, or testimony to Juvenile Court under RCW 4.24.595(2). Thus, DSHS is statutorily immune from liability related to participation in the Juvenile Court proceedings.

**(7) Claims Arising Out of April 2015 Investigation.** Plaintiff alleges that DSHS initiated a "retaliatory and baseless investigation" regarding the conditions at plaintiff's home on the night DSHS returned KC to plaintiff's custody. Dkt. # 1-1 at ¶ 11. DSHS interprets this claim as a statutory "negligent investigation" claim. To the extent plaintiff is asserting that the investigation was negligently performed, the claim fails as a matter of law because the statutory remedies apply only where the alleged negligence "results in wrongfully removing a child from a nonabusive home, placing a child into an abusive home, or allowing a child to remain in an abusive home." *M.W. v. Dep't of Soc. & Health*

ORDER - 7

*Servs.*, 149 Wn.2d 589, 597–98 (2003). Plaintiff has not alleged, and there is no evidence that, the children were injured by a custodial placement decision.

The facts alleged could also give rise to an abuse of process claim. To the extent plaintiff is claiming that DSHS abused the child welfare procedures when it initiated the April 2015 investigation, she must show that DSHS initiated the investigation to accomplish some object or purpose not within the proper scope of the child welfare laws, namely the protection of children. *See Bellevue Farm Owners Ass'n*, 198 Wn. App. at 477. Plaintiff argues that DSHS launched the April 2015 investigation to retaliate against her for having successfully fought for her and her children's rights. Although a bald allegation of improper motive is insufficient to raise a triable issue of fact, DSHS failed to address this claim in its motion for summary judgment. *See* Dkt. #42 at 23 (assuming that plaintiff's claim arising from the April 2015 events was solely for negligent investigation). This claim therefore survives summary judgment.

**(8) Rule 56(d) Continuance.** Federal Rule of Civil Procedure 56(d) offers relief to a litigant who, when faced with a summary judgment motion, "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The party seeking a continuance bears the burden of showing "that the evidence sought exists . . . and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).[6] Most of plaintiff's claims have been dismissed on legal grounds, such as the Court lacks personal jurisdiction over the individual defendants, the claims are barred by the applicable statutes of limitations, or defendants are immune from liability. Additional discovery or factual allegations would not remedy these deficiencies. Certain claims, such as plaintiff's assertions that

---

[6] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56, Advisory Committee Note to the 2010 Amendments.

ORDER - 8

DSHS violated the shelter care orders or lacked probable cause to initiate or pursue the dependency proceedings, were dismissed because the allegations and admitted facts cannot support the claims for relief. In her response to defendant's motion for summary judgment, plaintiff gives no hint of any facts she hopes to find through further discovery or how those facts would stave off summary judgment. Having failed to "set forth in affidavit form the specific facts [she] hopes to elicit from further discovery" or to show that "the sought-after facts are essential to oppose summary judgment," plaintiff has not met her burden under Rule 56(d). *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). A continuance under Rule 56(d) is therefore not appropriate. All of plaintiff's claims but one are hereby dismissed, and no discovery may be taken regarding the dismissed claims.

**(9) Discovery Motions and Sanctions.** Plaintiff argues, repeatedly, that defense counsel has improperly stymied plaintiff's attempts to obtain discovery from parties and non-parties alike and requests that production be compelled and sanctions be imposed. Plaintiff has not submitted a copy of her discovery requests with defendants' responses for the Court's review, however. Rather, she provides copies of email exchanges with icons indicating attachments named, for example, "COURT Zachary Brown Interrogatories." Dkt. # 44-2 at 30. The Court cannot discern how defendants responded to plaintiff's discovery requests or whether their alleged refusal to provide substantive answers was warranted.[7]

A review of the correspondence between the parties strongly suggests that plaintiff's discovery requests were driven as much by a desire to make a "record" for researchers, legislators, or the "community" as to obtain information that was in any way

---

[7] Plaintiff apparently sent multiple iterations of her discovery requests, often with different colors marking additions and changes. *See, e.g.*, Dkt. # 44-2 at 22-23, 25, 31, 63-64, and 66 (seven versions of the interrogatories directed to Theresa Burton emailed to defense counsel over the course of fifteen days).

relevant to her claims. *See, e.g.*, Dkt. # 44-3 at 14, 28, and 35. In addition, plaintiff appears to have crafted discovery requests to be as invasive and extensive as she perceived defendants' inquiries had been, both during the dependency proceedings and in this litigation. *See, e.g.*, Dkt. # 44-2 at 26-28. But whereas DSHS had a legitimate interest in plaintiff's mental health and fitness as a parent when her family was brought to its attention in 2014 and whereas plaintiff is claiming emotional injuries and compensatory damages arising from defendants' actions, the medical and financial records of defendants have no obvious relevance to the claims or defenses asserted in this litigation. What little information the Court can glean from the existing record suggests that at least some of plaintiff's discovery requests were, in fact, objectionable.

Plaintiff has not shown that defense counsel obstructed discovery or otherwise engaged in culpable conduct: sanctions are not appropriate.

**(10) Reopening Discovery.** At this point, the only remaining claim against the DSHS defendants is that DSHS abused the investigative process when it initiated the April 2015 investigation for retaliatory purposes. Discovery will be reopened to allow the parties to focus on that one claim. Discovery shall proceed as follows:

(a) DSHS shall, within twenty-one days of the date of this Order, produce all non-privileged information regarding the April 10, 2015, report alleging abuse or neglect and the subsequent investigation, including any documents regarding the need to further investigate plaintiff in the two months prior to KC's return to plaintiff's custody. This information shall be filed under seal and served on plaintiff.[8]

(b) Plaintiff may, on or before May 15, 2020, file up to ten interrogatories and ten requests for production directed to DSHS and aimed solely at discovering

---

[8] Although discovery is generally not filed with the Court, the parties' past interactions suggests that utilizing CM/ECF for service purposes and to create a record of the discovery requests and answers is appropriate.

ORDER - 10

information relevant to her abuse of process claim arising out of DSHS' April 2015 investigation.[9] Service will be accomplished through CM/ECF.

    (c) DSHS' responses shall be filed under seal and served on plaintiff within the time permitted by the Federal Rules of Civil Procedure.

    (d) After reviewing DSHS' responses, plaintiff may note up to three depositions, which shall occur at mutually agreeable times before discovery closes on July 17, 2020.

    (e) Motions for summary judgment may be filed on or before August 6, 2020, and noted on the Court's calendar for consideration on August 28, 2020.

For all of the foregoing reasons, the DSHS defendants' "Motion for Summary Judgment" (Dkt. # 42) is GRANTED in part and DENIED in part. All of plaintiff's claims against Marcy Fomin, Linda Townsend-Whitman, and Theresa Burton are DISMISSED for lack of personal jurisdiction. All of plaintiff's claims against DSHS are DISMISSED except for the claim that DSHS engaged in an abuse of process when it initiated an investigation of plaintiff in April 2015.

**Plaintiff shall, on or before April 17, 2020, explain why her claims against the other individual defendants should not be dismissed for lack of personal jurisdiction.**

Plaintiff's motion "Regarding Protective Order, Interrogatories, Depositions, & Missing Documents" (Dkt. # 44-1) is DENIED. Plaintiff's "Motion to Discipline Defense Counsel & to Extend Discovery" (Dkt. # 49) is GRANTED in part and DENIED in part:

---

[9] The elements of an abuse of process claim are "(1) an ulterior purpose to accomplish an object not within the proper scope of the process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the abuse of process" (*Bellevue Farm Owners Ass'n*, 198 Wn. App. at 477), and discovery is limited to those issues.

ORDER - 11

discovery will be extended as discussed above, but sanctions are not appropriate. DSHS' request for sanctions (Dkt. # 51 at 6) is also DENIED.

Dated this 3rd day of April, 2020.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge