UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C18-1142RSL

ORDER REGARDING DISCOVERY MOTIONS

    This matter comes before the Court on plaintiff's "Emergency Motion Regarding Discovery " (Dkt. # 69), "Emergency Discovery Motion" (Dkt. # 70), "Motion to Assess Fees" (Dkt. # 71), and "Emergency Motion for Extended Discovery" (Dkt. # 72). Pursuant to the Local Civil Rules of this District, discovery motions are to be noted on the Court's calendar for consideration on the third Friday after filing, and motions for relief from a deadline are to be noted for the second Friday after filing. *See* LCR 7(d). Because plaintiff did not indicate the note date in the caption of her motions as required by LCR 7(b), the Clerk of Court placed all four motions on the Court's calendar for June 26, 2020.

    At the beginning of June, plaintiff contacted defense counsel and requested that she make witnesses available for deposition "the week of July 8". Dkt. # 70 at 3. Defense counsel responded that she would be unavailable from July 2-15, but offered to check on the witnesses' availability between mid-June and July 1st. Defense counsel requested deposition notices in compliance with Fed. R. Civ. P. 30 and noted that one of the proposed witnesses is in a high risk category for COVID-19 and would need to be

ORDER REGARDING DISCOVERY MOTIONS - 1

deposed by a means that protects her health and safety. Plaintiff, however, insists on conducting depositions between July 8th and July 15th and insists on in-person depositions despite the continuing (and now worsening) pandemic.

Plaintiff filed her discovery motions (Dkt. # 69 and # 70) and motion for discovery sanctions (Dkt. # 71) without making any effort to meet or confer telephonically with defense counsel. The motions are DENIED on that ground. Substantively, there is no indication that plaintiff has issued notices of deposition or third-party subpoenas, making her request to compel premature. In addition, plaintiff has not shown that defense counsel obstructed discovery or otherwise engaged in culpable conduct simply by filing a notice of unavailability: sanctions would therefore not be appropriate even if plaintiff had satisfied her meet and confer obligations.

The Court takes this opportunity to reiterate its prior limitations on discovery in this case: (1) discovery must be focused on the only remaining claim, namely whether DSHS abused the investigative process by initiating the April 2015 investigation for retaliatory purposes, and (2) plaintiff may take up to three depositions "which shall occur at **mutually agreeable times** before discovery closes on July 17, 2020." Dkt. # 3 at 11 (emphasis added).

In her fourth motion, plaintiff requests an extension of the July 17th discovery deadline, ostensibly on the ground that the Clerk's Office did not timely issue subpoenas upon request and therefore delayed her discovery efforts. This argument is unsupported and not well-taken. The subpoenas she mentions were received by the Clerk of Court on June 17th, the same day she requested an extension of the discovery deadline. The discovery deadline was set ten weeks earlier, and yet plaintiff waited until after filing her discovery motion to even request subpoenas. A delay of four business days to process the

ORDER REGARDING DISCOVERY MOTIONS - 2

requests is not the cause of plaintiff's failure to complete discovery on time.

Nevertheless, an extension of the discovery deadline for the sole purpose of completing the three depositions authorized by the Court is warranted. Plaintiff insists on conducting the depositions in person, a procedure that is not in keeping with current guidance on the novel coronavirus. The Court will not compel the witnesses, defense counsel, or the court reporter to appear for a face-to-face deposition in the current circumstances. If the parties agree to conduct the depositions through written questions or video conferencing, the depositions may proceed as soon as a mutually agreeable date and time are identified. But if plaintiff continues to insist on in-person depositions, she must await the reopening of the U.S. Courthouse in Seattle before noticing the depositions.[1] The extension of the discovery deadline authorized by this Order is strictly limited: no discovery may be served other than the three deposition notices/subpoenas.

For all of the foregoing reasons, plaintiff's motions to compel discovery (Dkt. # 69 and # 70) and motion for sanctions (Dkt. # 71) are DENIED. Plaintiff's motion to extend the discovery deadline (Dkt. # 72) is GRANTED in part as set forth in the preceding paragraph.

Dated this 2nd day of July, 2020.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge

---

[1] The trial and other pretrial deadlines have already been continued. *See* Dkt. # 58.