1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

        Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

        Defendants.

Case No.  C18-1142RSL

ORDER GRANTING
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER AND
CLARIFYING PRIOR ORDERS

This matter comes before the Court on "Defendant DSHS's Motion for Protection" (Dkt. # 76) and plaintiff's "Motion for Clarification Regarding Discovery & Deposition Order, Ten (10) Points" (Dkt. # 84).[1] On April 3, 2020, the Court dismissed all of plaintiff's claims except an abuse of process claim. That claim is based on allegations that the Department of Social and Health Services ("DSHS") initiated an investigation in April 2015 for retaliatory purposes not within the proper scope of the child welfare laws. Dkt. # 57 at 7-8. All claims against the individual defendants were dismissed. Dkt. # 57 at 3-4; Dkt. # 61. The only remaining defendant is the State of Washington, Department of Social and Health Services ("DSHS"), and the only remaining claim requires a showing of abuse of process.

---

[1] The Court has considered plaintiff's untimely response to DSHS' motion for protective order (Dkt. # 85) as well as DSHS' sur-reply (Dkt. # 88). The Court cannot, however, consider the emails written by attorney Richard Pope when he was representing plaintiff for the truth of the matters asserted therein. Dkt. # 84 at 16-18. The emails are inadmissible hearsay.

1    Given the number of claims initially at issue in this litigation and the way DSHS

2  interpreted the allegations related to the April 2015 events, the parties had failed to focus

3  their discovery on the elements of an abuse of process claim. The Court therefore

4  provided a brief window in which relevant documents would be disclosed and follow-up

5  discovery taken.[2] DSHS was given twenty-one days to produce all non-privileged

6  information regarding the April 2015 report and investigation. Plaintiff was given until

7  May 15, 2020 to "file up to ten interrogatories and ten requests for production directed to

8  DSHS and aimed solely at discovering information relevant to her abuse of process claim

9  . . . ." Dkt. # 57 at 10-11. Although discovery is not normally filed, "the parties' past

10  interactions suggest[ed] that utilizing CM/ECF for service purposes and to create a record

11  of the discovery requests and answers is appropriate." Dkt. # 57 at 10 n.8. Once plaintiff

12  had an opportunity to review DSHS' responses and document production, plaintiff could

13  "note up to three depositions, which shall occur at mutually agreeable times before

14  discovery closes on July 17, 2020." Dkt. # 57 at 11. Motions for summary judgment, if

15  any, were due on or before August 6, 2020. *Id.*

16    A review of the docket shows that, although DSHS filed the required documents a

17  few days before they were due (Dkt. # 59 and # 60), plaintiff did not file interrogatories

18  or requests for production by the May 15, 2020, deadline. On May 18, 2020, the Clerk's

19  Office received ten interrogatories and ten requests for production addressed to Linda

20  Townsend-Whitham, eight interrogatories and eight requests for production addressed to

21  Nicole Gorman, and an array of other extraneous papers. Dkt. # 65. Ms. Townsend-

22  Whitman and Ms. Gorman were both DSHS employees at the time of the April 2015

23  events. Plaintiff explained in a cover letter that she had had printer problems and was

24  _____

25    [2] Plaintiff was specifically advised of the elements of an abuse of process claim under
   Washington law and that discovery would be limited to those issues. Dkt. # 57 at 11 n.9.
26

ORDER GRANTING DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND CLARIFYING
PRIOR ORDERS  - 2

1  unable to get the discovery in the mail before the due date. Although not filed with the

2  Court, plaintiff also served on defense counsel ten interrogatories and ten requests for

3  production directed to Roxanne Kar, an individual never represented by defense counsel.

4  Dkt. # 77-2 at 16-21. Plaintiff subsequently indicated that she intended to propound

5  additional interrogatories on Theresa Burton, another DSHS employee, at some point in

6  July. Dkt. # 77-13 at 2.

7          The discovery requests plaintiff filed and/or served were clearly objectionable.

8  First, they were untimely. The discovery requests were to be filed on or before May 15,

9  2020, not mailed by that (or a later) date. Second, the discovery requests were not

10 directed to DSHS but rather to three non-parties. Third, the discovery requests were not

11 aimed solely at discovering information relevant to the abuse of process claim. For

12 example, many of the interrogatories directed to Ms. Kar, K.C.'s former foster parent,

13 sought personal biographical information regarding Ms. Kar and information regarding

14 her fostering of K.C., none of which has any relationship to the April 2015 report and

15 investigation. Finally, the number of discovery requests issued by plaintiff, both as

16 numbered and in discrete subparts, far exceeded the number authorized by the Court.

17 Even if plaintiff had good cause for the delay in filing her discovery requests, the requests

18 substantively violated the Court's April 3, 2020, Order multiple ways and were therefore

19 improper.

20         At the beginning of June, plaintiff contacted defense counsel and requested that

21 she make witnesses available for deposition "the week of July 8". Dkt. # 70 at 3. Defense

22 counsel responded that she would be unavailable from July 2-15, but offered to check on

23 the witnesses' availability between mid-June and July 1st. Defense counsel requested

24 deposition notices in compliance with Fed. R. Civ. P. 30 and noted that one of the

25 proposed witnesses is in a high risk category for COVID-19 and would need to be

26

ORDER GRANTING DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND CLARIFYING
PRIOR ORDERS  - 3

1   deposed by a means that protects her health and safety. Defense counsel also objected to

2   the three sets of non-party interrogatories and requests for production.

3       Plaintiff immediately began filing discovery motions accusing defense counsel of

4   unethical behavior, obstruction, and suborning perjury, all without any evidence of such

5   wrongful conduct. *See* Dkt. # 69-72, 75, and 84. Plaintiff seems to believe that objecting

6   to discovery requests and/or requiring that plaintiff following the Federal Rules of Civil

7   Procedure when noting depositions or serving subpoenas is sanctionable. The procedural

8   rules that govern federal litigation are not optional, however, and a well-founded

9   objection generally excuses the need to respond to the discovery unless and until the

10  Court orders a response. In this case, plaintiff's discovery clearly violated the limitations

11  imposed by the April 3rd Order. Defendant's objections were therefore well-founded,

12  defense counsel timely raised the objections, and no further responses will be required.

13      With regards to plaintiff's insistence that the three depositions be conducted in

14  person, the issue has already been resolved by the Court. Dkt. # 82 at 3. The Court will

15  not compel the witnesses, defense counsel, or the court reporter to appear for a face-to-

16  face deposition in the current circumstances. Plaintiff has identified herself as "at higher

17  risk due to age and an autoimmune disorder" (Dkt. # 77-4 at 4): rather than take steps to

18  lessen that risk, she refuses to consider alternative means for obtaining information and

19  repeatedly warns/threatens that if anyone contracts COVID-19 because of the depositions,

20  defense counsel will be held liable. *See* Dkt. # 77-4 at 2 and 4; Dkt. # 77-5 at 3; Dkt. # 84

21  at 38. A review of the correspondence between plaintiff and defense counsel establishes

22  that plaintiff will not agree to conduct the depositions through written questions or video

23  conferencing. Therefore, as previously ordered by the Court, the depositions must await

24  the reopening of the U.S. Courthouse in Seattle, which is currently scheduled for

25

26  ORDER GRANTING DEFENDANT'S MOTION
    FOR PROTECTIVE ORDER AND CLARIFYING
    PRIOR ORDERS  - 4

1   September 8, 2020.[3]

2         Once the Courthouse reopens for in-person hearings and proceedings, the parties

3   shall cooperate in scheduling the three depositions authorized by the Court. Once dates

4   and times have been agreed upon, plaintiff shall provide official written notice of the

5   depositions as required by Fed. R. Civ. P. 30(b). No subpoena duces tecum shall be

6   issued: the only discovery that is authorized are the three depositions. Because there has

7   been some confusion on the matter, plaintiff is advised that defense counsel does not

8   represent the individual deponents, none of whom are parties in this litigation, in their

9   capacities as witnesses. Defense counsel has agreed, however, to accept service of the

10  notices of deposition on behalf of individuals who are currently employed by DSHS: the

11  notices must be mailed to the Attorney General's office, ATTN: Janay Ferguson. Plaintiff

12  must serve non-DSHS deponents pursuant to Fed. R. Civ. P. 45, including providing

13  witness and mileage fees and setting the location of the deposition within 100 miles of the

14  witness' residence or place of work. Defense counsel is entitled to notice of the

15  depositions under both Rule 30 and Rule 45 and will attend and defend the depositions on

16  behalf of DSHS.

17

18        For all of the foregoing reasons, defendant's motion for a protective order (Dkt.

19  # 76) is GRANTED.

20        ● Plaintiff failed to comply with the Court's order regarding written discovery and

21  has waived her opportunity to serve discovery on DSHS. DSHS is therefore relieved of

22  any obligation to provide substantive responses to the interrogatories and requests for

23  production plaintiff filed and served in mid-May. No additional interrogatories, requests

24  _____

25      [3] Updates regarding Courthouse operations can be found at
    https://www.wawd.uscourts.gov/node/614.

26  ORDER GRANTING DEFENDANT'S MOTION
    FOR PROTECTIVE ORDER AND CLARIFYING
    PRIOR ORDERS  - 5

for production, requests for admission, or third-party subpoena duces tecum may be served in this case.

● Except as specified below, this litigation is hereby STAYED. Plaintiff's efforts to depose three witnesses regarding the alleged abuse of process must await the reopening of the U.S. Courthouse in Seattle. No other discovery, motions, conferences, or communications are authorized in the interim. The only part of the case that will proceed is the briefing and consideration of DSHS' pending motion for summary judgment (Dkt. # 91), which was filed pursuant to the schedule established by the Court on April 3rd. Plaintiff's opposition must be received by the Court (not put in the mail) on or before August 17, 2020. If plaintiff believes she needs the deposition testimony of the three witnesses in order to present facts essential to justify her opposition to the motion, she must state under penalty of perjury what she hopes to discover during the depositions that will affect the outcome of the motion for summary judgment. Fed. R. Civ. P. 56(d).

Plaintiff's motion for clarification (Dkt. # 84) is GRANTED to the extent the Court's prior orders have been clarified herein. The motion also contained ten specific inquiries directed to the Court, many of which are argumentative and based on the unsupported allegations against defense counsel. The short answers to plaintiff's inquiries are as follows:

(1) The Court will not hold DSHS and the persons on whom subpoenas were apparently served in contempt. Plaintiff has not provided copies of the subpoenas themselves, and, assuming the subpoenas directed the recipients to appear and testify, the proofs of service show that witness and mileage fees were not paid. See Dkt. # 84 at 153-60.

(2) Plaintiff has not, despite all of her accusations, motions, and exhibits, shown

ORDER GRANTING DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND CLARIFYING
PRIOR ORDERS  - 6

1   that defense counsel has violated the Federal Rules of Civil Procedure.

2        (3) Discovery in this case is now limited to the three depositions discussed above.

3        (4) The Court has reviewed all of the submissions of the parties.

4        (5) The three remaining depositions will await the reopening of the U.S.

5   Courthouse in Seattle, as discussed above.

6        (6)-(7) and (9)-(10) Plaintiff's allegations of a cover-up and conspiracy unrelated

7   to her abuse of process claim are irrelevant and unsupported. The emails created by her

8   former attorney are hearsay and cannot be considered for the truth of the matters asserted

9   therein.

10       (8) The Court will not reconsider the dismissal of the individual defendants or

11  reinstate any of the dismissed claims. The sole claim remaining is plaintiff's abuse of

12  process claim against DSHS.

13

14       Dated this 11th day of August, 2020.

15

16       _Robert S. Lasnik_

17       Robert S. Lasnik
         United States District Judge

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND CLARIFYING
PRIOR ORDERS  - 7