UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

                Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

No. C18-1142RSL

ORDER DENYING MOTION FOR RECUSAL

      This matter comes before the Court on plaintiff's "Motion for Unbiased" in which she asks that a new judge be assigned to the above-captioned matter "due to Judge Lasnik's extreme bias." Dkt. # 99 at 1. Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be

ORDER DENYING MOTION FOR
RECUSAL - 1

impartial. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues that the undersigned is biased against her, citing (a) an "angry, unprofessional order" rejecting plaintiff's efforts to have the Honorable Ricardo S. Martinez resolve certain discovery issues, (b) an order giving plaintiff only one day in which to respond to defendants' pending motion for summary judgment, and (c) decisions plaintiff believes suborned defense counsel's alleged obstruction of discovery. Dkt. # 98 and # 99. While it is clear that plaintiff disagrees with the Court's rulings and handling of this case, she has not alleged any bias arising from an extrajudicial source: the adverse rulings of which she complains were all in response to evidence and arguments submitted by the parties in this litigation. It is possible that a court's orders could evince such illogic or ill-will that an inference of bias arises, but plaintiff has made no such showing here:

> (a) Despite plaintiff's characterization of the order denying her emergency motion as "angry" and "unprofessional," the order speaks for itself. *See* Dkt. # 90. Plaintiff has not shown any error, much less manifest error, in the analysis. Nor has she identified any misstatement of fact or law in the order.
>
> (b) With regards to the amount of time plaintiff had to respond to defendants' summary judgment motion, the briefing schedule was established when the motion was filed on August 6, 2020. The motion was, according to the certificate of service, emailed and mailed to plaintiff on that date, with the noting date printed on the first page. Dkt. # 91 at 1 and 12. Nothing the Court did or said thereafter altered the fact that plaintiff's response

ORDER DENYING MOTION FOR
RECUSAL - 2

was due on August 24, 2020.[1]

(c) Plaintiff's efforts to obtain discovery in this matter have clearly been thwarted. When she served written discovery requests that were substantively objectionable, procedurally defective, and/or in violation of the Court's orders, defense counsel objected, and the Court refused to compel production. As the Court has previously noted, the procedural rules governing discovery are not optional, even for a *pro se* litigant. Plaintiff's repeated accusations of unethical behavior, obstruction, and the suborning of perjury remain unsupported.

Plaintiff's allegations of bias are based solely on the Court's rulings in the above-captioned matter, and she has not shown the type of manifest error or illogic in those rulings that might give rise to an inference that the decisions were motivated by anything other than the relevant facts and applicable law. To the extent plaintiff disagrees with the undersigned's determinations, such issues are properly raised through an appeal to the Ninth Circuit, not a motion to recuse. Where, as in this case, the only evidence of bias presented is the judge's substantive and procedural decisions, the risk that the litigant is using the recusal motion for strategic purposes is considerable. *See Ex Parte American Steel Barrel Co. and Seaman*, 230 U.S. 35, 44 (1913).

//

---

[1] In the context of ruling on other pending motions, the Court reminded plaintiff that she must ensure that her opposition is received by the Court on the due date and that she could avail herself of the procedure set forth in Fed. R. Civ. P. 56(d) if appropriate. Unfortunately, the Court miscalculated the response deadline in the original order (Dkt. # 92, to which plaintiff cites), but corrected the error three days later (Dkt. # 94). Plaintiff had the full period provided by the Local Civil Rules in which to research, draft, and file her response memorandum.

ORDER DENYING MOTION FOR
RECUSAL - 3

Plaintiff has not provided any evidence of bias or prejudice and has not shown that the undersigned's impartiality could reasonably be questioned. The motion to recuse is therefore DENIED. Pursuant to Local Civil Rule 3(f), the Clerk of Court is directed to refer plaintiff's motion (Dkt. # 99) to Chief Judge Ricardo S. Martinez for review.

Dated this 11th day of September, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECUSAL - 4