UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI CHIAT, | CASE NO. C18-1142 RSL |
| Plaintiff, | ORDER AFFIRMING ORDER DENYING MOTION FOR RECUSAL |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's August 27, 2020 motion. Dkt. #99. That motion sought to have the undersigned "assign a new judge to [this case] due to Judge Lasnik's extreme bias, partially outlined in the attached document PLAINTIFF'S RESPONSE TO DEFENSE'S MOTION FOR SUMMARY JUDGMENT." Dkt. #99 at 1 (referencing Dkt. #98).[1] After Defendants responded, Dkt. #100, Judge Lasnik reasonably interpreted the motion as one seeking recusal and denied the motion, Dkt. #101. The undersigned now reviews that denial, *see* LCR 3(f), and affirms Judge Lasnik's decision not to recuse himself.

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144.

---

[1] Plaintiff subsequently refiled these documents, indicating that she intended for them to be filed together and reiterating her desire for the undersigned to review both filings—as was done. *See* Dkt. #104. At the same time, Plaintiff requested clarification, from the undersigned, of an order issued by the Court of Appeals. Dkt. #103 (attaching order issued in *Chiat v. State of Washington*, No. 20-35398 (9th Cir. Sept. 11, 2020)). Even assuming that the undersigned could appropriately clarify the order in this circumstance, no clarification is necessary.

ORDER – 1

This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

In this case, Plaintiff argues that Judge Lasnik is biased against her based on the tone of prior orders, the time afforded to her to respond to Defendants' motion for summary judgment, and her difficulties in obtaining discovery—which she attributes to biased rulings. Dkt. #99 at 1–2; Dkt. #98 at 2–5. But these events, all occurring within the course of Plaintiff's case before Judge Lasnik, are not sufficient. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). That Plaintiff disagrees with Judge Lasnik's judicial actions in this case is not a basis for recusal. Nor does it establish that a reasonable person with knowledge of all the facts would reasonably question Judge Lasnik's impartiality in this matter.

Accordingly, for the reasons set forth above, the Court finds and ORDERS that Judge Lasnik's Order declining to disqualify himself (Dkt. #101) is AFFIRMED.

DATED this 22nd day of September, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2