UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI CHIAT,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C18-1142RSL

ORDER OF DISMISSAL

    This matter comes before the Court on the motion of the Department of Children Youth and Families, formerly known as the Department of Social and Health Services ("DSHS"), for summary judgment on plaintiff's abuse of process claim. Dkt. # 91. Plaintiff's sole remaining claim is based on her allegation that DSHS initiated a "retaliatory and baseless investigation" regarding the conditions at plaintiff's home on the night DSHS returned KC to plaintiff's custody. Dkt. # 1-1 at ¶ 11. Plaintiff argues that DSHS launched the April 2015 investigation to retaliate against her for having successfully fought for her and her children's rights. The Court construed this allegation as asserting an abuse of process claim and, because defendants had not addressed the merits of such a claim in their prior motion for summary judgment, the claim was allowed to proceed. Dkt. # 57 at 8.

    The "crucial inquiry" for the tort of abuse of process "is whether the judicial system's process, made available to insure the presence of the defendant or his property in court, has been misused to achieve another, inappropriate end." *Gem Trading Co. v.*

ORDER OF DISMISSAL - 1

*Cudahy Corp.*, 92 Wn.2d 956, 963 n. 2 (1979). In this regard, the tort of abuse of process is very narrow: the "defendant must have employed some 'process,' in the technical sense of the term." *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 806 (1985). "The mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process." *Fite v. Lee*, 11 Wn. App. 21, 27-28 (1974). Rather, "there must be an act after filing suit using legal process empowered by that suit to accomplish an end not within the purview of the suit." *Batten v. Abrams*, 28 Wn. App. 737, 748 (1981).

Here, no court proceeding was instituted and no process issued in Washington courts. Therefore, as was the case in *Sea-Pac*, there can be no abuse of process. None of the discovery plaintiff seeks would change that fact. Even if she could prove malicious motive or policy/regulatory violations in the way in which KC's return to plaintiff's custody was handled, in the absence of legal process designed to bring plaintiff before a court, she cannot show that process was abused.

For all of the foregoing reasons, defendant's second motion for summary judgment is GRANTED, and plaintiff's abuse of process claim is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 7th day of October, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 2